IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN OLUMBA | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Civil Action No. _____ |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant | § | |

## **DEFENDANT'S APPENDIX IN SUPPORT OF REMOVAL**

| <u>DOCUMENTS</u> | <u>PAGES</u> |
|---|---|
| State court materials | 001 - 017 |
| Western World Insurance Company Policy Declarations Page | 018 |
| Oct. 3, 2019 Public Information web search | 019 |
| 2018 Harris County Appraisal District record | 020-021 |
| Western World Insurance Company corporate information | 022 |

Respectfully submitted,

By:    s/*Robert G. Hogue*
Robert G. Hogue
State Bar No. 09811050

ROBERT G. HOGUE, P.C.
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone:  (214) 559-7107
Fax:  (214) 559-7101
email:  robhogue@msn.com

COUNSEL FOR DEFENDANT
WESTERN WORLD INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October, a true and correct copy of this document was served on counsel for the Plaintiff as follows:

       Mr. Shane McClelland                    <u>Via e-service</u>
       Attorney at Law
       440 Cobia Drive, Suite 101
       Katy, Texas  77494

       COUNSEL FOR THE PLAINTIFF

                         By:       <u>s/*Robert G. Hogue*</u>
                                     Robert G. Hogue

8/22/2019 12:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36190619
By: Nancy Torres
Filed: 8/22/2019 12:48 PM

Cause No. _____

| | | |
|---|---|---|
| SEBASTIAN OLUMBA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| WESTERN WORLD INSURANCE | § | |
| GROUP, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sebastian Olumba ("Plaintiff"), and files this, his Original Petition and

Request for Disclosure against Defendant Western World Insurance Group ("Defendant") and in

support thereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 2, in accordance with

Texas Rule of Civil Procedure 190.3.

### PARTIES

1.     At all relevant times, Plaintiff owned a house at 11410 Camphorwood Drive,

Houston, TX 77089.

2.     Defendant is a foreign insurance company organized under the laws of the State

of New Jersey with its principal place of business at 300 Kimball Drive, Suite 500, Parsippany,

New Jersey 07054.

1

001

3.      Defendant is authorized to do business in Texas and has designated Western World Insurance Group, Claims Department located at 300 Kimball Drive, Suite 500, Parsippany, New Jersey 07054 as its agent for service of process.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Harris County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

6.      The Court has personal jurisdiction over Defendant because Defendant does business in and is authorized to do business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

7.      Plaintiff owned the property at 11410 Camphorwood Drive, Houston, TX 77089 (the "Property") at all relevant times.

8.      The Property sustained significant flood damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 26, 2017.

9.      Defendant issued an insurance policy (Policy No. 42 PFP0023676 01) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

2

10.     Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

11.     The Insurance Policy covered Plaintiff's Property for damage caused by flood, among other perils.

12.     Plaintiff has already incurred and will incur significant expenses to repair the flood damage that Harvey caused at the Property.

13.     Shortly after Harvey, Plaintiff notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

14.     Defendant assigned an adjuster to investigate and adjust the loss.

15.     The adjuster visited the property but failed to fully and fairly investigate the loss.

16.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

17.     The adjuster improperly omitted and undervalued covered losses from flood damage caused by Harvey to the Plaintiff's Property.

18.     Defendant failed to pay Plaintiff for covered flood damage to the Property caused by Harvey.

19.     Plaintiff submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

20.     The amount sought by the Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the flood damage greatly exceeded the amount and scope of the Defendant's adjustment.

21.     Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

22.     Harvey flood waters caused every loss Plaintiff has identified.

23.     Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the flood insurance policy that Defendant issued for the items of loss that Plaintiff has identified.

24.     Defendant has no reasonable basis for refusing to pay for the Harvey flood losses for which Plaintiff seeks insurance proceeds.

25.     Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

26.     Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey flood damage.

27.     Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

28.     Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## <u>BREACH OF CONTRACT</u>

29.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

4

004

30.     Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

31.     Plaintiff paid his policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained flood loss in August 2017.

32.     Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

33.     Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

34.     Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

5

005

38.     Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

39.     Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE:
## PROMPT PAYMENT OF CLAIMS

42.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

6

44.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

45.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Plaintiff and the Defendant. The Insurance Policy provided coverage for flood events during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51.     By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a

7

007

manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/
## CONSUMER PROTECTION ACT

54.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

8

57.     Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

### DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

9

009

62.     As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63.     Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64.     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 22, 2019

s/ Shane McClelland
Shane McClelland
The Law Offices of Shane McClelland
TX Bar# 24046383
440 Cobia Dr. Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:   (832) 827-4207
Email: Shane@hmtrial.com

10

010

*Attorney for Plaintiff*

011

8/22/2019 12:48:45 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36190619
By: TORRES, NANCY
Filed: 8/22/2019 12:48:45 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served:  Plaintiff's Original Petition and Request for Disclosure

FILE DATE: 8-22-19 _____ Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to:  Western World Insurance Group

Address of Service:  300 Kimball Drive, Suite 500

City, State & Zip: Parsippany, New Jersey 07054

Agent (if applicable) _____

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication Newspaper
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [ ] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____ **(No Service Copy Fees Charged)**
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up:  Court Record Research Phone:  713-227-3353

- [ ] OTHER, *explain* _____

Issuance of Service Requested By: Attorney/Party Name:  Shane McClelland   Bar # or ID   24046383

Mailing Address: 440 Cobia Drive, Ste. 101, Katy, TX 77494

Phone Number: (713) 987-7107

012



# MARILYN BURGESS

**Harris County District Clerk**

## Civil Process Pick-Up Form

## CAUSE NUMBER 2019-58814

**ATY**      **CIV** **X**      **Court** **164**

| REQUESTING ATTORNEY/FIRM NOTIFICATION | |
|---|---|
| ***ATTORNEY:** McClelland, Shane     713-987-7107 | |
| ***CIVIL PROCESS SERVER:** CRR   # 107 | |
| ***PH:** 713-227-3353 | |
| ***PERSON NOTIFIED SVC READY:** | *mila* |
| ***NOTIFIED BY:** | *nancy* |
| ***DATE:** | 8/23/19 |

| Type of Service Document: | citation | Tracking Number: | 73661794 |
|---|---|---|---|
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |
| Type of Service Document: | | Tracking Number: | |

**Process papers prepared by:**     **N. Torres**

Date: 8/23/19      30 days waiting: 9/23/19

| | |
|---|---|
| ***Process papers released to:** | _____ |
| 2-27-32-7 | **(PRINT NAME)** |
| **(CONTACT NUMBER)** | **(SIGNATURE)** |
| ***Process papers released by:** | *I. Cellers* |
| | **(PRINT NAME)** |
| *a.l. Cell* | **(SIGNATURE)** |
| ***Date** 8/23 ,2019 | **Time** 3    **AM/PM** |

Entire document must be completed    (do not change this document)    Revised 1/3/2019

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

013

Marilyn Burgess - District Clerk Harris County
Envelope No. 36665419
By: Tiffany Jefferson
Filed: 9/10/2019 10:24 AM

CAUSE NO.  201958814

RECEIPT NO.                    0.00      CIV
                 * * * * * * * * *        TR # 73661794

PLAINTIFF: OLUMBA, SEBASTIAN                    In The   164th
     vs.                                        Judicial District Court
DEFENDANT: WESTERN WORLD INSURANCE GROUP        of Harris County, Texas
                                                164TH DISTRICT COURT
                                                Houston, TX

                        CITATION (NON-RESIDENT)
THE STATE OF TEXAS
County of Harris

TO: WESTERN WORLD INSURANCE GROUP (FOREIGN INSURANCE COMPANY) MAY BE
    SERVED THROUGH THE CLAIMS DEPARTMENT AS THEIR AGENT FOR SERVICE

    300  KIMBALL DRIVE SUITE 500   PARSIPPANY  NJ  07054

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 22nd day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 23rd day of August, 2019, under my hand and
seal of said Court.

Issued at request of:                           MARILYN BURGESS, District Clerk
MCCLELLAND, SHANE                               Harris County, Texas
440  COBIA DRIVE, STE 101                       201 Caroline, Houston, Texas 77002
KATY, TX  77494                                 (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 987-7107
Bar No.: 24046383
                                                Generated By: TORRES, NANCY  N7F//11308778

STATE OF _____
                        OFFICER/AUTHORIZED PERSON RETURN
County of _____

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|--|--|------|--|-------|
| | MONTH | DAY | YEAR | HOUR | MIN | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

014

## AFFIDAVIT OF SERVICE

| Case:<br>2019-58814 | Court:<br>164th Judicial District Court | | County:<br>Harris | Job:<br>3701809 (2019.08.404472) |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>Sebastian Olumba, | | | Defendant / Respondent:<br>Western World Insurance Group, | |
| Received by:<br>ACTION SUBPOENA® | | | For:<br>Shane McClellend, Esq. | |
| To be served upon:<br>Western World Insurance Group c/o Claims Department as Registered Agent | | | | |

I, Todd Bank, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Gene Hammoud J.D., Associate Vice President & Associate General Counsel @ 300 Kimball Drive Suite 500, Parsippany, NJ 07054

**Manner of Service:** Corporation, Sep 3, 2019, 3:37 pm EDT

**Documents:** Citation (Non-Resident), Plaintiff's Original Petition and Request for Disclosure (Received Aug 26, 2019 at 12:11pm EDT)

**Additional Comments:**
1) Successful Attempt: Sep 3, 2019, 3:37 pm EDT at 300 Kimball Drive Suite 500, Parsippany, NJ 07054 received by Gene Hammoud J.D.. Age: 35; Ethnicity: White; Gender: Male; Weight: 160; Height: 5'9"; Hair: Brown; Relationship: Associate Vice President & Associate General Counsel; Other: Glasses ;

_____     September 4, 2019
Todd Bank                   Date

ACTION SUBPOENA®
29 Columbia Turnpike Suite 302
Florham Park, NJ 07932
973-845-2900

JOB #: 3701809

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Mary T. Powanda, Notary Public
My Commission Expires: March 22, 2021

September 4, 2019
Date



015

9/27/2019 5:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37211711
By: Tiffany Jefferson
Filed: 9/27/2019 5:39 PM

CAUSE NO. 2019-58814

| | | |
|---|---|---|
| SEBASTIAN OLUMBA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 164TH JUDICIAL DISTRICT |
| | § | |
| WESTERN WORLD INSURANCE GROUP | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant Western World Insurance Company, incorrectly named herein as "Western World Insurance Group," and files this Original Answer as follows:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant Western World Insurance Company asserts a general denial and demands that the Plaintiff be required to prove its claims and allegations against the Defendant by the applicable standard of proof as to each of the Plaintiffs' claims against the Defendant.

Respectfully submitted,

By: _____s/_Robert G. Hogue_____

Robert G. Hogue
State Bar No. 09811050

ROBERT G. HOGUE, P.C.
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, Texas 75205-4193
Phone: (214) 559-7107
Fax: (214) 559-7101
E-mail: robhogue@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2019, the foregoing document was served on counsel of record for the Plaintiff as follows:

Mr. Shane McClelland                                    Via e-service
Attorney at Law
440 Cobia Drive, Suite 101
Katy, Texas  77494

By:     s/ *Robert G. Hogue*

Robert G. Hogue

0527106
6/30/17

# STANDARD FLOOD INSURANCE POLICY

629 00001 PFLD RGLR

STOCK COMPANY


**WESTERN WORLD**
VALIDUS GROUP

**POLICY NUMBER:** 42 PFP0023676 01

**Prior Policy Number:** 42 PFP0023676 00

☒ **WESTERN WORLD INSURANCE COMPANY**      ☐ **TUDOR INSURANCE COMPANY**

## DECLARATIONS

**Named Insured and Mailing Address:**

SEBASTIAN OLUMBA
ASSUMPTA OLUMBA
2111 SADDLEHORN TRL
KATY TX 77494-5632

**Retail Broker:**

Agent (281)412-3115
JOE LEATH
9215 BROADWAY ST STE 111
PEARLAND TX 77584-8987

**Program Administrator #/Program #: 23101/425**

This insurance contract is with an insurer not licensed to transact insurance in this state and is issued and delivered as surplus line coverage under the Texas insurance statutes. The Texas Department of Insurance does not audit the finances or review the solvency of the surplus lines insurer providing this coverage, and the insurer is not a member of the property and casualty insurance guaranty association created under Chapter 462, Insurance Code. Chapter 225, Insurance Code, requires payment of a 4.85 percent tax on gross premium.

**Program Administrator:**

Wright National Flood Insurance Services, LLC
Wright Flood Insurance Services, LLC in California
801 94th Ave North #110
St. Petersburg, FL 33702

**Policy Period:** (Mo./Day/Yr.)

From: **7/11/17** To: **7/11/18** 12:01 AM, standard time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

| | | |
|---|---|---|
| Standard Flood Insurance Coverage | BUILDING | $446.00 |
| | PERSONAL PROPERTY/CONTENTS | $34.00 |
| | INCREASED COST OF COMPLIANCE | $3.00 |
| Forms and endorsements applying to this policy and attached at time of issue: | ADDITIONAL LIVING EXPENSE | $25.00 |
| | SUB-TOTAL: | $508.00 |
| See applicable Schedule of Forms and Endorsements and the Application for this Insurance. | POLICY FEE | $50.00 |
| | SURPLUS LINES TAX | $27.06 |
| | STAMPING FEE | $.84 |
| | TOTAL PREMIUMS, TAXES AND FEES: | $585.90 |

Copy Sent To: As indicated on back or additional pages, if any.

PFDS 01 (11/15)



0527106 42PFP0023676 17181      00007

018

Company



File Edit View History Bookmarks Tools Help

Sebastian E Olumba, (281) 804 | Olumba Sebastian in Katy, TX | Sebastian Emeka Olumba | Fac

Nuwber, Inc. (US) https://nuwber.com/person/563aa27698f8a849c1a5bd83

ebastian olumba katy texas

Most Visited Getting Started Suggested Sites Web Slice Gallery

Nuwber

First and Last Name: Sebastian E Olumba
City, State: Katy, TX

Home > States > TX > Katy > 2111 Saddlehorn Trl > Sebastian E Olumba

# Sebastian E Olumba, age 50-55

VIEW FULL REPORT →

Landline phone
ADS VIEW CURRENT NUMBER 7

Mobile number
(281) 804-9999

Relatives
Lina Olumba
Assumpta U Olumba

2111 Saddlehorn Trl, Katy, TX, 77494-5632

IS THIS YOU?

We provide multiple ways to manage your information.

CONTROL YOUR LISTING

## YOU'RE PROBABLY LOOKING FOR

Sebastian Olumba
Houston, TX

Nuwber does not provide consumer reports and is not a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"). Nuwber helps people locate and learn more about others in their personal lives. You may not use Nuwber or the information we provide for any business purpose or to make decisions about consumer credit, employment, insurance, tenant screening, or any other purposes that would require FCRA compliance.

I UNDERSTAND

42 U.S. Co... Policy Sebastian ... August 20... Olumba n... Olumba n... Olumba n... Copernic ... Olumba o... Olumba p... 1:16 PM

HARRIS COUNTY APPRAISAL DISTRICT
REAL PROPERTY ACCOUNT INFORMATION
**1067110000033**

Tax Year: 2018

🖶 **Print**

| Owner and Property Information |||
|---|---|---|

| Owner Name & Mailing Address: | **OLUMBA SEBASTIAN E & ASSUMPTA U**<br>**2111 SADDLEHORN TRL**<br>**KATY TX 77494-5632** | Legal Description: | **LT 33 BLK 5**<br>**WOOD MEADOW SEC 1 2ND R/P** |
|---|---|---|---|
| | | Property Address: | **11410 CAMPHORWOOD DR**<br>**HOUSTON TX 77089** |

| State Class Code | Land Use Code | Land Area | Total Living Area | Neighborhood | Neighborhood Group | Market Area | Map Facet | Key Map½½ |
|---|---|---|---|---|---|---|---|---|
| A1 -- Real, Residential, Single-Family | 1001 -- Residential Improved | 8,520 SF | 1,611 SF | 1628 | 21007 | 360 -- ISD 21 - Pasadena ISD | 5750B | 616C |

**Value Status Information**

| Value Status | Notice Date | Shared CAD |
|---|---|---|
| Noticed | 05/25/2018 | No |

**Exemptions and Jurisdictions**

| Exemption Type | Districts | Jurisdictions | Exemption Value | ARB Status | 2017 Rate | 2018 Rate |
|---|---|---|---|---|---|---|
| None | 021 | PASADENA ISD | | Supplemental: 10/05/2018 | 1.480000 | 1.480000 |
| | 040 | HARRIS COUNTY | | Supplemental: 10/05/2018 | 0.418010 | 0.418580 |
| | 041 | HARRIS CO FLOOD CNTRL | | Supplemental: 10/05/2018 | 0.028310 | 0.028770 |
| | 042 | PORT OF HOUSTON AUTHY | | Supplemental: 10/05/2018 | 0.012560 | 0.011550 |
| | 043 | HARRIS CO HOSP DIST | | Supplemental: 10/05/2018 | 0.171100 | 0.171080 |
| | 044 | HARRIS CO EDUC DEPT | | Supplemental: 10/05/2018 | 0.005195 | 0.005190 |
| | 047 | SAN JACINTO COM COL D | | Supplemental: 10/05/2018 | 0.183335 | 0.179329 |
| | 313 | CLEAR BROOK CITY MUD | | Supplemental: 10/05/2018 | 0.670000 | 0.670000 |

Texas law prohibits us from displaying residential photographs, sketches, floor plans, or information indicating the age of a property owner on our website. You can inspect this information or get a copy at **HCAD's information center at 13013 NW Freeway**.

**Valuations**

| | Value as of January 1, 2017 | | | Value as of January 1, 2018 | |
|---|---|---|---|---|---|
| | Market | Appraised | | Market | Appraised |
| Land | 32,608 | | Land | 32,608 | |
| Improvement | 115,970 | | Improvement | 55,970 | |
| Total | 148,578 | 148,578 | Total | 88,578 | 88,578 |

**Land**

| | Market Value Land | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Line | Description | Site Code | Unit Type | Units | Size Factor | Site Factor | Appr O/R Factor | Appr O/R Reason | Total Adj | Unit Price | Adj Unit Price | Value |
| 1 | 1001 -- Res Improved Table Value | SF1 | SF | 6,825 | 1.00 | 1.00 | 1.00 | -- | 1.00 | 4.25 | 4.25 | 29,006.00 |
| 2 | 1001 -- Res Improved Table Value | SF3 | SF | 1,695 | 1.00 | 0.50 | 1.00 | -- | 0.50 | 4.25 | 2.13 | 3,602.00 |

**Building**

| Building | Year Built | Type | Style | Quality | Impr Sq Ft | Building Details |
|---|---|---|---|---|---|---|
| 1 | 1977 | Residential Single Family | Residential 1 Family | Average | 1,611 * | Displayed |

* All HCAD residential building measurements are done from the exterior, with individual measurements rounded to the closest foot. This measurement includes all closet space, hallways, and interior staircases. Attached garages are not included in the square footage of living area, but valued separately. Living area above *attached* garages is included in the square footage living area of the dwelling. Living area above *detached* garages is not included in the square footage living area of the dwelling but is valued separately. This method is used on all residential properties in Harris County to ensure the uniformity of square footage of living area measurements district-wide. There can be a reasonable variance between the HCAD square footage and your square footage measurement, especially if your square footage measurement was an interior measurement or an exterior measurement to the inch.

Building Details (1)

| Building Data | |
|---|---|
| Element | Detail |
| Cond / Desir / Util | Average |

| Building Areas | |
|---|---|
| Description | Area |
| BASE AREA PRI | 1,611 |

**020**

| | |
|---|---|
| Foundation Type | Slab |
| Grade Adjustment | C |
| Heating / AC | Central Heat/AC |
| Physical Condition | Average |
| Exterior Wall | Brick / Veneer |
| Element | Units |
| Room: Total | 6 |
| Room: Full Bath | 2 |
| Room: Bedroom | 3 |
| Fireplace: Masonry Firebrick | 1 |

| | |
|---|---|
| MAS/BRK GARAGE PRI | 480 |
| OPEN FRAME PORCH PRI | 54 |
| OPEN FRAME PORCH PRI | 124 |

021

File   Edit   View   History   Bookmarks   Tools   Help

## RESULTS BY FINANCIAL

Shown below are the number of closed confirmed complaints by financial for the company you have selected.

- **Results by Complaint Code**
- **Results by Complaint Index**
- **Results by State**
- **Results by Licensing**
- **Results by Financial**

- **Back to Search**

NAIC Company Code

13196

Western World Ins Co
Company Overview for 2018
Property/Casualty

Commenced Business Date: April 4, 1964
State of Domicile: NH

Company Code = 13196
Group Code = 12
Group Name = AMERICAN INTL GRP
FEIN: 02-0266622

300 KIMABLL DRIVE, SUITE 500
PARSIPANNY, NJ 07054

WWW.WESTERNWORLD.COM
201-847-8600

022